UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

4COM, Inc. d/b/a Telechannel,

    Plaintiff,

v.                                                                               Civil No. 15-3761 (JNE/TNL)
                                                                             ORDER

Broadband Ventures Six, LLC, and
Thomas Balun,

    Defendants.

    Plaintiff 4COM, Inc. ("4COM") brought this action against Defendants Broadband Ventures Six, LLC ("Broadband") and its president, Thomas Balun, for breach of contract, account stated, and breach of guaranty in connection with services that 4COM provided. Neither Broadband nor Balun has appeared in the action, which commenced in September 2015. On December 7, 2015, 4COM requested entry of Defendants' default, and the Clerk entered their default the next day. Dkt. Nos. 6, 8. 4COM then, in the motion presently before the Court, moved for entry of default judgment against Broadband and Balun ("Motion"). Dkt. No. 9. 4COM served Defendants with notice of its request for entry of default and notice of its Motion.[1] Dkt. Nos. 7-1, 12-3. Defendants have not opposed the Motion, and the deadline for filing oppositions has passed. For the reasons set forth below, the Court grants 4COM's Motion.

## Liability

    "Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true, but 'it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere

---

[1] After being served with the Complaint, Balun contacted 4COM's counsel to request an extension of time to respond, to which 4COM agreed; he then never responded, by answer or otherwise. *See* Harrell Decl. Ex. A., Dkt. No. 7. Balun's communication shows that service was effective and indicates that his failure to appear or oppose the Motion was intentional.

conclusions of law.'" *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (quoting 10A Charles Alan Wright et al., *Federal Practice & Procedure* § 2688 (3d ed. 1998)); *see also Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) ("[W]hen a default judgment is entered, facts alleged in the complaint may not be later contested."). "[I]t is incumbent upon the district court to ensure that 'the unchallenged facts constitute a legitimate cause of action' prior to entering final judgment." *Marshall*, 616 F.3d at 852-53 (quoting *Murray*, 595 F.3d at 871).

A brief summary of the allegations of the Complaint (Dkt. No. 1) follows. The Court also considers the exhibits attached to the Complaint. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). 4COM and Broadband entered into an agreement, the "Affiliate Programming Service Agreement" dated January 1, 2014 ("Agreement"), pursuant to which Broadband agreed to pay 4COM monthly fees, to be stated in monthly invoices, in exchange for 4COM's provision of access to specified television programming services. Compl. Ex. A ¶¶ 4d, 5b. Broadband also agreed that for any invoice that it did not fully pay on time, it would pay a $550.00 late fee and interest of 1.5% per month, compounded monthly, on the overdue amount. *Id.* ¶ 5d. In accordance with the Agreement, 4COM provided services to Broadband beginning in January 2014, and submitted invoices from March 2014 through July 2015. Compl. ¶¶ 12, 13, 23. Beginning in March 2014, Broadband fell behind on payment of the amounts due according to 4COM's invoices and, although it never objected to the quality of 4COM's services or to the invoices "or the amounts therein," it did not make any further payments once it fell behind. *Id.* ¶¶ 14-16, 24-25. On May 30, 2014, Broadband executed a promissory note in favor of 4COM, promising to pay 4COM $122,057.81 in "partial payment of the sums due and owing 4COM for the provision of said services related to the [Agreement] between 4COM and [Broadband], dated January 1, 2014." Compl. Ex. B.

2

Also on May 30, 2014, Balun executed a guaranty ("Guaranty") pursuant to which he "unconditionally and irrevocably guarantee[d] to 4COM . . . the due and punctual payment by Broadband" of "all amounts payable to 4COM pursuant to [the Agreement]" and "any promissory note issued by [Broadband] to 4COM pursuant to said agreement," and promised to pay any amounts due within 15 days of written demand from 4COM.  Compl. Ex. C.  On September 10, 2015, 4COM provided Balun a written demand that he pay all amounts due and owing by Broadband, totaling "at least $549,718.72."  Compl. ¶ 18; *id.* Ex. D.  Balun did not make any payments to 4COM or cause any payments to be made.  Compl. ¶¶ 1, 28.

These alleged facts, which "are taken as true," *Murray*, 595 F.3d at 871, establish Broadband's and Balun's liability under Minnesota law, which both the Agreement and the Guaranty specified should apply.  Compl. Exs. A ¶ 15, C ¶ 3.

1. **Broadband**

Under Minnesota law, a plaintiff has a cause of action for account stated when a creditor sends a statement of account to a debtor, and the debtor fails to object within a reasonable time and fails to pay the amount stated.  *Joseph V. Edeskuty & Assocs. v. Jacksonville Kraft Paper Co.*, 702 F. Supp. 741, 748 (D. Minn. 1988) (citing *Am. Druggists Ins. v. Thompson Lumber Co.*, 349 N.W.2d 569, 573 (Minn. Ct. App. 1984)); *Reese Design, Inc. v. I-94 Highway 61 Eastview Ctr. P'ship*, 428 N.W.2d 441, 445 (Minn. Ct. App. 1988) (doctrine of account stated is a theory of recovery which must be pleaded in the complaint); *Butler Mfg. Co. v. Miranowski*, 390 N.W.2d 380, 384-85 (Minn. Ct. App. 1986) (holding that defendant could be held liable under the account stated doctrine for late payment charges stated on invoices, where there was no evidence that he objected to the charges).

4COM alleges that from March 2014 through July 2015, it provided Broadband monthly invoices for its services pursuant to the Agreement, that Broadband immediately fell behind on its payments, and that Broadband never objected to any of the invoices. Indeed, in executing the May 30, 2014 promissory note, Broadband acknowledged that it owed 4COM for the provision of services under the Agreement, without making any objections to the invoices Broadband had received by then. By the time 4COM filed the Complaint on September 29, 2015, over 17 months had passed since Broadband received 4COM's first invoice. As invoices piled up, Broadband never objected to them but also never paid the bills in full.

The Court accepts these facts as true and determines that the allegations constitute a claim for an account stated. *Murray*, 595 F.3d at 871. Seventeen months is an unreasonably long time for a company to retain an invoice without objecting or paying in full. Further, in light of Broadband's accumulation of over a year's worth of monthly invoices without objection or payment, the Court determines that the account stated doctrine also applies to the invoices 4COM sent more recently, including the July 2015 invoice to which Broadband did not object in the months before or after the Complaint was filed. *See Faegre & Benson, LLP v. Steven K. Lee*, No. A10-852, 2010 WL 5293453, at *6 (Minn. Ct. App. Dec. 28, 2010).

**2. Balun**

The facts alleged in the Complaint and treated as true in this proceeding also state a claim for breach of contract against Balun. To establish a claim for breach of contract, a plaintiff must prove "(1) formation of a contract, (2) performance by plaintiff of any conditions precedent to his right to demand performance by the defendant, and (3) breach of the contract by defendant." *Park Nicollet Clinic v. Hamann*, 808 N.W.2d 828, 833 (Minn. 2011) (citing *Briggs Transp. Co. v. Ranzenberger*, 217 N.W.2d 198, 200 (Minn. 1974)). 4COM alleged that as of May 30, 2014,

Balun and 4COM entered into a contract, the Guaranty; that 4COM satisfied the condition precedent of providing Balun a written demand; and that Balun breached the contract by failing to pay or cause to be paid the amount owed within 15 days of receiving the written demand.  The Guaranty in this case was broad and unambiguous, and Balun's obligations pursuant to it were "absolute and unconditional . . . ."  Compl. Ex. C ¶ 2.  "When two competent parties who can readily read and write, sign a guaranty agreement and the plaintiff on the basis of the guaranty extends credit . . . , there is nothing left for a Court to do but to find a judgment against such guarantors."  *Midway Nat. Bank v. Gustafson*, 165 N.W.2d 218, 222 (Minn. 1968) (quoting *Watkins Prods., Inc. v. Butterfield*, 144 N.W.2d 56, 58 (Minn. 1966)).  "People who sign documents which are plainly written must expect to be held liable thereon."  *Cessna Fin. Corp. v. Dwire*, 377 N.W.2d 45, 48 (Minn. Ct. App. 1985) (quoting *Midway*, 165 N.W.2d at 222).

   There are some limits on a guaranty as a matter of law, but they do not prevent the enforcement of the Guaranty against Balun.  "If a guaranty does not contain any time limitation, it is true termination after a reasonable time may be implied."  *Borg Warner Acceptance Corp. v. Shakopee Sports Ctr., Inc.*, 431 N.W.2d 539, 541 (Minn. 1988) (citing *Cont'l Can Co. v. Lanesboro Canning Co.*, 230 N.W. 121 (Minn. 1930), and *Lehigh Coal & Iron Co. v. Scallen*, 63 N.W. 245 (Minn. 1895)).  Such a guaranty "must as a matter of construction be 'limited to a time which is reasonable, taking into consideration not merely the language of the guaranty, but all the circumstances of the case.'"  *Cont'l Can*, 230 N.W. at 122 (quoting *Taney v. Hodson*, 212 N.W. 196, 197 (Minn. 1927)).  In *Continental Can*, the Supreme Court of Minnesota analyzed a guaranty, which did not contain an express time limitation, in the context of a three-year sales contract related to the guaranty, and determined that three years was a reasonable time limit to impose on the guaranty.  *Id.*  Similarly, in this case, the Guaranty contains no explicit time limit,

5

but by its express terms, Balun guaranteed all amounts payable to 4COM pursuant to the Agreement. Compl. Ex. C. The Agreement provided that it was to expire after five years, *id.* Ex. A ¶ 3a, and the Complaint alleges that the unpaid invoices that 4COM submitted to Broadband were for services 4COM rendered pursuant to the Agreement within two years of its formation. The Guaranty thus continued in effect at least through July 2015, when 4COM submitted the last of the invoices at issue in this case. Balun is liable for the amounts Broadband owed but failed to pay.

## **Damages**

The Court now turns to the question of damages. "It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." *Stephenson v. El-Batrawi*, 524 F.3d 907, 915 (8th Cir. 2008) (quoting *Pope v. United States*, 323 U.S. 1, 12 (1944)). "The need for a hearing [on damages] is within the sound discretion of the district court under Fed. R. Civ. P. 55(b)(2)(B)." *Id.* at 916. "If defendant does not contest the amount prayed for in the complaint and the claim is for a sum certain or a sum that can be made certain by computation, the judgment generally will be entered for that amount without any further hearing." Wright, *supra*, § 2688.

Here, the proper damages award can be computed from the facts in the record. The Complaint alleges that 4COM is entitled to $549,718.72 in damages, Compl. ¶¶ 25, 28, and 4COM's written notice to Balun demanded payment of "at least $549,718.72," *id.* Ex. D. In its Motion, 4COM requests $549,720.76. Pl.'s Br. 7. In support of its request, 4COM submitted as evidence copies of 20 invoices that 4COM provided to Broadband. Maxwell Decl., Dkt. No. 11. Each invoice states an amount due and also specifies a higher amount that will be due if

6

Broadband pays after the due date (*e.g.*, "Grand Total Due After 3/25/2014"), representing a single application of 1.5% interest. *E.g.*, Maxwell Decl. Ex. A. The Agreement provided for the application of 1.5% interest, compounded monthly, to late payments. Compl. Ex. A ¶ 5d. And under the account stated doctrine, Broadband is liable for interest itemized on an invoice. *Am. Druggists*, 349 N.W.2d at 573. 4COM also submitted the declaration of its chief executive officer attesting that Broadband "made one payment, against the first invoice, of $31,644.12," but no other payments. Maxwell Decl. ¶ 3. Adding the "Grand Total Due After [Due Date]" listed on each invoice to the $550 late fee applicable to each unpaid invoice, and subtracting the amount paid, the Court concludes that the evidence submitted by 4COM shows that Broadband owes at least $549,718.72.

Therefore, the Court awards 4COM the amount of damages pleaded in the Complaint: $549,718.72. Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."); Wright, *supra*, § 2663. 4COM's proposed order also proposes that Broadband and Balun be held jointly and severally liable for the full amount of the damages awarded. 4COM mailed copies of its proposed order to Defendants, Dkt. No. 12-3, who did not contest it. The Court will impose joint and several liability. *See First Nat. Bank of Omaha v. Anxon, Inc.*, No. 10-cv-1155 (JNE/FLN), 2010 WL 4339276, at *4 (D. Minn. Oct. 26, 2010); *Weekes Forest Prods., Inc. v. Windsor Homes, Inc.*, No. A06-1081, 2007 WL 1053483, at *1, *4 (Minn. Ct. App. Apr. 10, 2007) (affirming decision below imposing joint and several liability against debtor and guarantor).

4COM also seeks to recover its litigation costs. Pl.'s Br. 7; Compl. 5. This request is consistent with the terms of the Agreement, Compl. Ex. A ¶ 5d, and appropriate because 4COM is the prevailing party in this action, *see* Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these

rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party.").

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. 4COM's Motion for Entry of Judgment [Dkt. No. 9] is GRANTED.

2. Judgment is AWARDED in favor of Plaintiff 4COM, Inc. and against Defendants Broadband Ventures Six, LLC and Thomas Balun in the amount of $549,718.72.

3. Defendants Broadband Ventures Six, LLC and Thomas Balun are jointly and severally liable for the full amount of this judgment.

4. Plaintiff 4COM, Inc. is AWARDED its costs, subject to the procedures required by Local Rule 54.3(c).

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 28, 2016

s/ Joan N. Ericksen  
JOAN N. ERICKSEN  
United States District Judge